# Jackson, Appellant, *v.* Smyth.

*Arbitrations—Reference—Referee's findings of facts—Appeals—Review.*

A referee's findings of facts in a complicated accounting, based upon sufficient evidence, and confirmed by the court below, will not be reversed by the appellate court in the absence of manifest error.

Argued Oct. 16, 1903. Appeal, No. 73, Oct. T., 1903, by plaintiff, from order of C. P. No. 4, Phila. Co., Dec. T., 1895, No. 575, dismissing exceptions to report of referee in case of Joseph B. Jackson v. Isaac S. Smyth et al., trading as Young, Smyth, Field & Company. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Exceptions to report of Alexander Simpson, Jr., Esq., referee.

*Errors assigned* were in dismissing exceptions to report of referee.

*Edwin D. Hoffman*, for appellant.

*Joseph DeF. Junkin*, for appellees.

OPINION BY BEAVER, J., April 18, 1904:

The plaintiff sought, by a bill in equity, to compel an accounting by the defendants under the following agreement:

"It is hereby agreed between the firm of Young, Smyth, Field & Co. and Joseph B. Jackson as follows:

"The firm of Young, Smyth, Field & Co. hereby employ the said Joseph B. Jackson as a salesman for the period of three (3) years from the first day of January, 1889, at a salary of five thousand dollars per annum, and also agree to pay him, as an additional compensation for his services, a sum equal to ten per cent (10%) of the net profits of their business for the said period of three years over and above the sum of one hundred and fifty thousand dollars ($150,000); that is to say, after pay-

ment of all expenses on capital and other moneys used in their business and after allowances for bad debts, one hundred and fifty thousand dollars ($150,000) is to be placed to the credit of the firm, before any division of the profits is made to him. The payment of said percentage, however, shall not entitle him to any voice in the management or control of the business other than as a salesman.

"It is also hereby agreed by the parties hereto that this agreement shall be terminated, in case there is a dissolution of the said firm within the period of three years, or by the death or disability of the said Jackson. If, however, the said Joseph B. Jackson withdraws voluntarily from the employ of the said firm within said period, he shall forfeit entirely all claim upon said percentage of the profits.

"The said Joseph B. Jackson agrees to devote his entire time and attention to the business of the said firm and to engage in no other business during said period."

As will be readily seen from the terms of this agreement, its construction and the finding of facts under the plaintiff's bill required the examination of the books of the defendant firm for the period during which the plaintiff was employed by it. This, of course, involved months of arduous, continuous labor and was carried on not only by a personal examination by the referee of the books as they were at the time when the plaintiff left the employ of the defendants but by a searching analysis of an expert who was aided by years of "hindsight" which the books afforded.

The report of the referee is unusually full and exhaustive, evincing great care and a complete analysis of the complicated accounts involved in the investigation. The account furnished by the defendants to the plaintiff was opened, each item carefully examined and the result was, as said by the learned president judge of common pleas No. 4, "that the plaintiff gained a substantial increase."

The referee's report was carefully gone over by the court below on exceptions filed thereto, the court saying: "Upon a careful examination of the facts reported in this case, we are of opinion that the findings of the referee thereon are correct."

The assignments of error here are all based upon the excep-

tions to the report of the referee which were dismissed by the court below.    Those all relate to findings of fact.

If there had never been a rule such as the plaintiff in his argument refers to, when he says: "It has been said times without number that findings of fact by a referee, when sustained by the lower court, will not be reversed, except in cases of manifest error," this would be a case in which such a rule should be established and its enforcement insisted upon.

The case, however, is one in which it is not necessary to resort to general rules, in order to justify conclusions.    We have read with great care and much interest the entire testimony and the elaborate and painstaking report of the referee and are satisfied that the facts are fairly found and the legal conclusions rightfully deduced therefrom.

Upon the whole case as presented, we are clearly of the opinion that the court below was correct in confirming the report of the referee.

The decree is affirmed and the appeal dismissed at the costs of the appellant.